{¶ 18} I respectfully dissent from my learned colleagues in the majority. I believe that appellant, The Patrician Skilled Nursing Center, failed to show that the lower court acted improperly.
 {¶ 19} I believe that there is substantial evidence in the record supporting the trial court's decision. The terms of the agreement are set forth in the final draft of the settlement agreement incorporated into the trial court's judgment entry. The absence of an executed settlement agreement does not prevent a trial court from enforcing a settlement agreement. Although Ohio law prefers settlement agreements to be in writing, "an oral settlement may be enforceable if there is sufficient particularity to form a binding contract." Kostelnik v.Helper, 96 Ohio St.3d 1, 2, 2002-Ohio-2985. "Terms of an oral contract may be determined from 'words, deeds, acts and silence of the parties.'" Id., quoting Rutledge v. Hoffman (1947), 81 Ohio App. 85, syllabus at paragraph 1.
 {¶ 20} The trial court did not abuse its discretion when, on the basis of its own personal knowledge of the settlement discussions between the parties on July 28, 2005, on the basis of statements made in open court by the principal participants of those discussions, and on the basis of email communications between those individuals, the trial court concluded that the parties had agreed to settle this case on July 28, 2005, and that the terms of that settlement were set forth in the final draft of the settlement agreement and exhibits which the trial court incorporated into its judgment entry.
 {¶ 21} Accordingly, I would affirm the lower court.